[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13681
Non-Argument Calendar

_____

Agency No. 12-CA-25842

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

PALM BEACH METRO TRANSPORTATION, LLC,

Petitioner - Cross Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent - Cross Petitioner.

_____

Petitions for Review of a Decision of the
National Labor Relations Board

_____

(March 2, 2012)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Palm Beach Metro Transportation, LLC ("Palm Beach Metro")

petitions that we review, and the National Labor Relations Board ("NLRB") cross-petitions that we enforce, the NLRB's Decision and Order of July 26, 2011 finding that Palm Beach Metro engaged in unfair labor practices in violation of 29 U.S.C. § 158(a)(1),(5). We hold that the NLRB's order has an adequate evidentiary foundation and that it will be enforced.

The Amalgamated Transit Unit, Local 1577 ("the Union") was certified in February 2008 as the collective-bargaining representative of a unit of Palm Beach Metro drivers. Following the Union's certification, Palm Beach Metro refused to recognize and bargain with the Union. In May 2008, the NLRB issued a decision finding that Palm Beach Metro had violated Section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 151, by refusing to recognize and bargain with the Union. The current case involves an allegation that Palm Beach Metro committed an additional violation of the National Labor Relations Act by reducing employee work schedules in April 2008 without prior notice to or bargaining with the Union.

This proceeding was instigated when the Union filed an unfair labor practice charge claiming that Palm Beach Metro had unilaterally reduced the hours and days that its employees were permitted to work. The NLRB's General Counsel then issued a complaint stating the same. An administrative law judge

heard the complaint, found that Palm Beach Metro committed the alleged violations, and recommended that the complaint be found valid. The NLRB adopted the administrative judge's findings and ordered Palm Beach Metro to cease and desist from its unfair labor practices and compensate its employees for damages that resulted from the reduction in their work schedules.

Our role in reviewing the NLRB's orders is a narrow one. *Ga. Power Co. v. N.L.R.B.*, 427 F.3d 1354, 1358 (11th Cir. 2005). We are bound by the NLRB's factual findings if they are supported by substantial evidence on the record as a whole. *Int'l Bhd. of Boilermakers v. N.L.R.B.*, 127 F.3d 1300, 1306 (11th Cir. 1997). Substantial evidence exists if a reasonable jury could have reached the same conclusion as the NLRB. *Allentown Mack Sales & Serv., Inc. v. N.L.R.B.*, 522 U.S. 359, 366–67 (1998). If the NLRB has made a plausible inference from the evidence, we may not overturn its findings. *Int'l Bhd. of Boilermakers*, 127 F.3d at 1306.

Palm Beach Metro challenges the NLRB's order on two grounds. First, it argues that the reductions in employees' hours were consistent with the status quo and thus should not have triggered collective bargaining requirements. Second, Palm Beach Metro contends that the scheduling changes were due to external factors not under its control, and thus the changes were not subject to mandatory

collective bargaining.

An employer that refuses to bargain collectively with a Union commits an unfair labor practice.  29 U.S.C. § 158(a)(5).  Employer actions and decisions concerning terms of employment such as wages and hours are subject to mandatory collective bargaining.  *N.L.R.B. v. Katz*, 369 U.S. 736, 742–43, 82 S. Ct. 1107, 1111 (1962).  However, a continuation of the status quo does not frustrate the bargaining process; there must be an actual change in conditions to trigger the collective bargaining requirement.  *See id.* at 746, 82 S. Ct. at 1113.  Therefore, a company that can demonstrate that it has an established "past practice" of certain actions regarding wages and hours, such as a policy of "laying off and re-calling employees at will," can escape mandatory bargaining regarding those actions.  *N.L.R.B. v. S. Coach & Body Co.*, 336 F.2d 214, 216–17.  In such a situation, the employer's actions would simply be preserving the status quo.

Palm Beach Metro argues that its acts here qualify as such a continuation of the status quo.  In support of its argument, Palm Beach Metro explains the factual predicate of its actions: it is a provider of transportation services and its exclusive customer is and has been Palm Tran, Inc. ("Palm Tran").  The contract between Palm Tran and Palm Beach Metro stipulated that Palm Tran would set the transportation schedule and Palm Beach Metro would provide transportation

4

services, eighty percent of which would be by bus. In 2008, Palm Tran reduced its demand for Palm Beach Metro services. Additionally, Palm Beach Metro replaced some of its faulty buses in 2007 and 2008, resulting in drivers spending fewer hours waiting with the buses while the buses were repaired. Palm Beach Metro alleges that because these two factors—the exclusive servicing of Palm Tran and the use of buses—were historically established, its choice to cut employee hours to respond to changes in these factors is not subject to the collective bargaining requirements.

The NLRB found that Palm Beach Metro had never reduced employee hours in the past and had previously maintained a policy of allowing drivers to work as much as they wanted. Palm Beach Metro does not contest this finding. The NLRB concluded that because Palm Beach Metro had never restricted the work schedules of employees before, it could not have a longstanding practice of reducing employees' hours. We find no error in this conclusion. The pre-existence of certain work conditions does not equate to an established policy of action within the company regarding changes in employment.

Palm Beach Metro also argues that because the reduction in employee hours was necessitated by external factors beyond Palm Beach Metro's control—namely Palm Tran's decreased demand for services—the collective bargaining

requirement of giving notice and holding discussions was excused. Palm Beach Metro contends that bargaining would have been futile and thus was not required. As a preliminary matter, Palm Beach Metro offers no support for the argument that there is a futility defense to the collective bargaining requirements of 29 U.S.C. § 158(a)(5). Furthermore, the NLRB found that Palm Beach Metro had hired additional drivers during or just prior to the period of decreased demand for services. That was clearly a choice within the company's control.

The NLRB found that Palm Beach Metro unilaterally decreased employee work hours—a finding which Palm Beach Metro does not dispute—and rejected Palm Beach Metro's defenses to the collateral bargaining requirement. We find the NLRB's order to be well-reasoned and supported by substantial evidence on the record.

The petition for review is DENIED, and the cross-petition for enforcement is GRANTED.